## GILMORE et al. *v.* BRENHAM et al.

A party may interrogate his adversary in relation to the character of a witness; but such
    questions only can be put to him as could be propounded to a witness, in whose place the
    party interrogated must be considered as standing.
Where the general character of a witness has not been impeached, but it has only been
    attempted to do so in reference to particular facts, the party by whom he was introduced
    cannot sustain his credibility by testimony of general character.
The enrolment, and accompanying affidavit made by the master of a steamer, are not con
    clusive evidence that the person stated in them to be the owner of the steamer is really
    such.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. Mott, *Prentiss* and *Finney,* for the plaintiffs, contended that the court correctly refused to admit a copy of the enrollment of the boat, and the affidavit of the master, in evidence, citing 1 Greenleaf on Ev. 542, 533, 494. 3 Kent's Com. 149, 150. 1 Mason's R. 306, 318. 8 Pick. 86. Abbott on Shipping, 63, 66. *G. B. Duncan* and *Roselius,* for the appellant. The judgment of the counsel was pronounced by

EUSTIS, C. J. This case has already been before this court, and it is substantially stated, so far as relates to the matter at issue between the parties, in *Heffernan* v. *Brenham,* 1 Ann. R. 146, decided in June, 1846. In December afterwards, a motion to dismiss the appeal in this and several other cases against the same defendants was disallowed, and they were all remanded to be tried on the opposition of *John H. James,* residing in Urbanna, in the State of Ohio. 1 Annual Reports, 440. The previous reports of the case sufficiently explain it. The matter at issue in this case appears to have been as to the ownership of *John H. James,* of three-fourths of the steamer Ambassador. The judge of the Fourth District Court of New Orleans, before whom the case was tried, determined under the evidence that *John H. James* was not the owner as alleged in his opposition, which was accordingly dismissed, and he has appealed. The argument of counsel has been directed to the evidence, and two bills of exception taken to the admission of evidence on the trial.

The first bill of exceptions was taken to the admission of the enrollment and the affidavit of *Brenham,* the master, which was appended to the bill of exceptions. As the document is before us we can judge of its effect; and, if it would not affect the result of the case, there is no necessity for determining the technical question of its admissibility in evidence under the pleadings.

By the second bill of exceptions it appears that, on the trial of the cause the third opponent, *John H. James,* propounded certain interrogatories to *Gilmore,* one of the plaintiffs, and among them the following: Have you any knowledge, information, or belief, which would tend to impeach the veracity of Captain *J. J. James?* If so, state the same. Would you believe the statements of *J. J. James* under oath? To those interrogatories the plaintiffs objected, on the ground that as they had not impeached the general character of the witness, and only attempted to do so in reference to particular facts, it was incompetent to sustain the character of the witness by testimony of general character. The judge sustained the objection, and refused to direct the plaintiff, *Gilmore,* to answer the interrogatories, though he was on the witness stand.

It appears that *J. J. James* had been examined as a witness for the third opponent, and was the person to whom the plaintiffs alleged, and were attempting to prove, that the three-fourths interest of the steamer, which was the subject of the controversy, really belonged. He had sworn that he never had any interest in the steamer, but that *John H. James* was the true and lawful owner of the three-fourths. We are not aware of any objection to the right of a litigant to probe the conscience of his adversary in relation to the character of a witness; but in so doing, we do not understand that any deviation from the ordinary rules of evidence on that subject is authorised. Those questions can only be put to a party which could be put to a witness, in whose place the party interrogated must be considered as standing. The questions proposed could not be put to a witness as the case was then situated before the court, and we think the judge did not err in refusing to allow them to be put as stated in the bill of exceptions.

5

GILMORE
v.
BRENHAM.

On the evidence adduced the judge of the District Court considered that *John H. James* was not the owner of the interest in the steamer, which he alleged belonged to him. We do not consider that the fact that, by the enrollment he appeared as the owner, and that *Brenham*, the master, took the oath stated as to his, *James'*, interest, materially changes the aspect of the case. The issue between the parties was as to the reality—the truth of this apparent ownership. In establishing the fact of ownership, when it really exists, we can scarcely imagine any difficulty to occur. Abundant time and opportunity has been afforded to enable the party to put this matter beyond all question, and notwithstanding this there are facts that surround the case which we consider inconsistent with the ownership being in the opponent, judging them according to the usual standard which govern men in transactions with each other. We cannot resist the conclusion to which so much of the evidence points, that *John H. James* lent his name and his credit to *J. J. James*, who, from his embarassments, could not hold property in his own name. The evidence certainly preponderates in favor of the view taken of it by the learned judge who tried the cause, and we do not feel ourselves authorised in disturbing his judgment.

*Judgment affirmed.*